UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CLEVER VALENCIA

    Plaintiff,

v.

SIMON FALIC,

    Defendant,
_____/

## **COMPLAINT**

COMES NOW the Plaintiff CLEVER VALENCIA, by and through the undersigned counsel, and hereby sues Defendant SIMON FALIC and alleges:

1. This is an action to recover money damages for unpaid half-time overtime wages under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff CLEVER VALENCIA is a resident of Miami-Dade County, Florida, within the jurisdiction of the Honorable Court. Plaintiff is a covered employee for purposes of the Act. The Complete name of Plaintiff is Clever S. Valencia Romero.

3. Defendant SIMON FALIC is a Miami Dade County resident. Defendant was the Employer of Plaintiff within the meaning of the FLSA 29 U.S.C. §203 (g).

## GENERAL ALLEGATIONS

4. Plaintiff CLEVER VALENCIA began working for the Falic family in 1992, at one of the family's business.

5. Due to Plaintiff's military background and excellent qualifications, on or about September 15, 1997, SIMON FALIC hired Plaintiff to work as a household domestic employee. Specifically, Plaintiff was hired a chauffeur and personal assistant of his parents. Plaintiff performed his work at their private residence located at Miami Beach.

6. Plaintiff held the same position approximately until September 30, 2015. After that date, Plaintiff went to work for one of the family business again.

7. Consequently, Plaintiff performed as a household employee more than 18 years. However, For FLSA purposes the relevant time of employment period as a domestic employee is 95 weeks.

8. Plaintiff was paid a salary of $1,125.38 weekly or $28.13 an hour. Plaintiff always was paid with company checks.

9. During the time that Plaintiff CLEVER VALENCIA worked as a domestic employee, he worked consistently in excess of 40 hours per week.

10. Plaintiff had a regular schedule, he usually had Saturdays off, but he worked from Monday to Friday from 8:30 AM to 9:00 PM (12.5 hours), or a total of 62.5 hours per week. Plaintiff was unable to take bona fide lunch time periods. In addition, at least 3 weeks per month, Plaintiff worked on Sundays at least 4 hours, in these weeks Plaintiff worked a total of 66.5 hours

11. During the relevant period of employment, Plaintiff worked more than 40 hours per week. Nevertheless, he was not paid for overtime hours at the rate of one time and a half his regular rate.

12. Defendant failed to pay Plaintiff for overtime hours according to the provisions of provisions of 29 U.S.C. § 207 (l).

13. On or about September 30, 2015, Defendant ended Plaintiff's employment as a household employee.

14. Plaintiff seeks to recover half-time overtime wages accumulated during his relevant period of employment, as well as any other relief as applicable by law.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

16. This action is brought by Plaintiff CLEVER VALENCIA to recover from the Employer SIMON FALIC unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207 (l) which states:

**(l) Employment in domestic service in one or more households**
No employer shall employ any employee in domestic service in one or more households for a workweek longer than forty hours unless such employee receives compensation for such employment in accordance with subsection (a) of this section.

17. Title 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for her employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

18. At all times relevant to this action, Plaintiff CLEVER VALENCIA was an employee of Defendant SIMON FALIC within the meaning of the FLSA 29 U.S.C. §203 (e).

19. At all times relevant to this action, Defendant was Plaintiff's Employer within the meaning of the FLSA 29 U.S.C. §203 (d).

20. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA 29 U.S.C. §203 (g).

21. At all times relevant to this action, Plaintiff was employed as a domestic employee within the meaning of the FLSA 29 U.S.C. §206 (f).

22. Pursuant to 29 USC § 206, at all times relevant to this action, the Employer/Defendant was subjected to the provisions of the FLSA, and the Plaintiff was a covered employee for the purposes of the act

23. Defendant SIMON FALIC employed Plaintiff CLEVER VALENCIA as a household domestic employee from approximately September 15, to September 30, 2015.  Nevertheless, for FLSA purposes, Plaintiff is claiming half-time overtime payment only for the period from December 1, 2013 to September 30, 2015, or 95 weeks.

24. Plaintiff was paid a salary of $1,125.38 weekly or $28.13 an hour. Plaintiff always was paid with company checks.  Plaintiff overtime rate should be $42.19.

25. Plaintiff had a regular schedule,  he usually had Saturdays off, but he worked from Monday to Friday from 8:30 AM to 9:00 PM (12.5 hours), or a total of 62.5 hours per week.  Plaintiff was unable to take bona fide lunch time periods. In addition, at least 3 weeks per month, Plaintiff worked on Sundays at least 4 hours, in these weeks Plaintiff worked a total of 66.5 hours

26. During the relevant period of employment, Plaintiff worked more than 40 hours per week. Nevertheless, he was not paid for overtime hours at the rate of one time and a half his regular rate.

27. The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to him should be in the possession and custody of Defendant. Nevertheless, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff.

28. During his entire time of employment with Defendant, Plaintiff was paid with Defendant's company checks, without accurate information regarding his rate of payment, hours worked etc.

29. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    * Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as proper discovery could dictate.

    a. <u>Total amount of alleged unpaid wages</u>:

       Twenty One Thousand Five Hundred Four Dollars and 78/100 ($21,504.78)

    b. <u>Calculation of such wages</u>:

       Relevant period of Employment: 95 weeks (from 12/1/13 to 9/30/2016)

       1.- Total of hours worked: 62.5 hours approximately (from Monday to Friday)

       Total of hours paid: 62.5 hours
       Total of unpaid overtime hours: 22.5 O/T hours
       $1,125.38 : 62.5= $18.00
       Regular rate:  $18.00:2=$9.00 half-time

$9.00 half-time O/T rate x 22.5 O/T hours=$202.50 weekly x 95 weeks=$19,237.50

2.- Half-time overtime for work performed on 67 Sundays

Total of hours worked: 4 hours approximately
Total of hours paid: 66.5 hours
Total of unpaid overtime hours: 26.5 O/T hours
$1,125.38 : 66.5= $16.92
Regular rate: $16.92 : 2 = $8.46 half-time

$8.46 half-time O/T rate x 4 O/T hours=$33.84 x 67 Sundays= $2,267.28

Total:  1 and 2 =  $21,504.78

  c. <u>Nature of wages</u> (e.g. overtime or straight time):

  The amount represents the unpaid half-time overtime.

30. At all times material hereto, the Employer/Defendant SIMON FALIC failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

31. Defendant never posted any notice, as required by the Fair Labor Standards Act. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

32. Defendant knew and/or showed reckless disregard of the provisions of the Act, to inform Plaintiff of his Federal rights to overtime and/or minimum wage payments.

33. Defendant SIMON FALIC willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States, as set forth above and

remain owing Plaintiff these overtime wages, and Plaintiff is entitled to recover double damages.

34. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff CLEVER VALENCIA respectfully requests that the Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant SIMON FALIC on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as the Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff CLEVER VALENCIA demands trial by jury of all issues triable as of right by jury.

Dated: December 19, 2016

    Respectfully submitted,

    By:  /s/ **Zandro E. Palma**
    ZANDRO E. PALMA, P.A.
    Florida Bar No.: 0024031
    9100 S. Dadeland Blvd.

Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*